# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE M.C.,[1]<br>(A Number: 213-333-773)<br><br>Petitioner,<br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION,<br><br>Respondents. | Case No.  1:26-cv-01883-JLT-EGC (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION WITHOUT PREJUDICE**<br><br>(Doc. 1)<br><br>FOURTEEN-DAY DEADLINE |

Joe M.C. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner challenges his continued detention by the Bureau of Immigration and Customs Enforcement ("ICE").  He claims he should be immediately released, because he has established *prima facie* eligibility for Temporary Protected Status ("TPS") and been granted TPS, and according to statute, a TPS holder cannot be detained or removed while that status is in effect. Respondent contends that Petitioner's TPS status has been withdrawn, and his detention is mandatory because Petitioner is currently in removal proceedings.  Because the undersigned finds that Petitioner's TPS status has been withdrawn, the undersigned will recommend that the petition be denied.

## I.    BACKGROUND

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only their first name and last initial, to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

Petitioner is a native and citizen of Venezuela. (Doc. 1 at 4). They entered the United States on a B-2 visitor visa and was authorized to remain in the country until November 18, 2019. (*Id.*). At the conclusion of Petitioner's authorized stay, they applied for and were granted TPS. (*Id.*).

On October 9, 2025, Petitioner's TPS was revoked based on Petitioner's criminal history. (Doc. 5-2 at 3 ("After careful consideration, the record at this time does not demonstrate that your application for TPS warrants a favorable exercise of discretion. The crimes that you are charged with are egregious in nature and severity. Additionally, your prior traffic violations and overstay of a visa constitute negative factors.")).

## II.   DISCUSSION

As part of the Immigration Act of 1990, Congress created the TPS program. The TPS program provides humanitarian relief to foreign nationals from specified countries; the governing statute is codified at 8 U.S.C. § 1254a. *Sanchez v. Mayorkas*, 593 U.S. 409, 412 (2021). That relief comes in the form of temporary protection against removal in the face of war, natural disasters, or other extraordinary and temporary conditions. 8 U.S.C. § 1254a; *see also Osman v. Schmidt*, No. 25-CV-286, 2025 WL 870048, at *1 (E.D. Wis. Mar. 20, 2025).

Under section 1254a, the Secretary of DHS may designate a foreign country for TPS when individuals from that country cannot safely return due to armed conflict, natural disaster, or other extraordinary and temporary circumstances. *See* 8 U.S.C. § 1254a(b). The initial designation lasts for 6, 12, or 18 months, at the Secretary's discretion. *See id.* § 1254a(b)(2).

Once a foreign country is given a TPS designation, individuals from that country may apply for immigration status. If granted, they may not be removed from the United States; furthermore, they are given authorization to work in the United States. *See id.* § 1254a(a)(1).

For individuals to become TPS holders, there are specific requirements that must be met. For example, an individual must have "been continuously physically present in the United States since the effective date of the most recent designation of that [foreign] state." *Id.* § 1254a(c)(1)(A)(i). In addition, an individual must be "admissible as an immigrant." *Id.* § 1254a(c)(1)(A)(iii). An individual is inadmissible if, *e.g.*, they have been convicted of certain

2

crimes (such as a crime involving moral turpitude or drugs) or are a member of a terrorist organization. *See id.* § 1182(a)(2)–(3). Moreover, an individual is expressly deemed ineligible for TPS if they have "been convicted of any felony or 2 or more misdemeanors committed in the United States." *Id.* § 1254a(c)(2)(B). The Secretary "shall withdraw [TPS] granted to an alien . . . if [the Secretary] finds that the alien was not in fact eligible for such status." *Id.* § 1254a(c)(3)(A).

"[A] TPS recipient is 'considered as being in, and maintaining, lawful status as a nonimmigrant' for the purpose of becoming [a legal permanent resident]." *Sanchez*, 593 U.S. at 412 (quoting 8 U.S.C. § 1254a(f)(4)). Relevant authorities "shall not remove the [noncitizen] from the United States during the period in which [TPS] is in effect." 8 U.S.C. § 1254a(a)(1)(A). Likewise, 8 U.S.C. § 1254a(d)(4), as part of the subsection related to documentation of TPS, provides that a non-citizen with TPS "shall not be detained by the Attorney General on the basis of the [noncitizen]'s immigration status in the United States." 8 U.S.C. § 1254a(d)(4). Under this statute, courts have considered writs of habeas corpus and determined that detained petitioners with TPS cannot remain detained pending lawful immigration proceedings. *See*, *e.g.*, *Rojas v. Venegas*, No. 1:25-CV-00056, 2025 WL 996421, at *1 (S.D. Tex. Apr. 2, 2025) ("[t]he Court holds that Petitioner is a Venezuelan national with valid Temporary Protected Status and was wrongfully detained under 8 U.S.C. 1254a(a)(1)(A)(i).").

Petitioner is a citizen of Venezuela, a country which has previously been designated for TPS. That designation was withdrawn, but beneficiaries' documentation remains valid until October 2, 2026. *See* Temporary Protected Status Designated Country: Venezuela, U.S. CITIZENSHIP & IMM. SERVS., https://www.uscis.gov/humanitarian/temporary-protected-status/temporary-protected-status-designated-country-venezuela. Petitioner was initially granted TPS approval by the United States Citizenship and Immigration Services ("USCIS") on November 15, 2023. (Doc. 1 at 15). An applicant for Temporary Protected Status "who establishes a *prima facie* case of eligibility for benefits" "shall be provided" the benefits of Temporary Protected Status until a final determination is made as to his eligibility. 8 U.S.C. § 1254a(a)(4)(B). While Petitioner has made a prima facie showing of eligibility for benefits, here, the undersigned finds

3

that that showing has been rebutted by evidence submitted by Respondents that on October 9, 2025, USCIS formally withdrew Petitioner's TPS status.  (Doc. 5-2).  Because Petitioner is currently without TPS status, detention is not unlawful.

Respondents further contend that Petitioner is currently being detained under  8 U.S.C. § 1226(a) until his removal proceedings conclude.  (Doc. 5 at 4).  Respondents also represent that Petitioner was granted a bond hearing and bond was denied.  (*Id.*; Doc. 5-4).  Removal proceedings remain open.  (Doc. 5 at 2).  Therefore, the undersigned finds that Petitioner's detention is lawful at this time.

**RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that the habeas corpus petition, (Doc. 1), be DISMISSED without prejudice.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen (14) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties.  *Id*.  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **July 23, 2026**

UNITED STATES MAGISTRATE JUDGE